Robert L. Powley (RP7674)
James M. Gibson (JG9234)
Stephen M. Ankrom (SA5375)
Darren W. Shield (DS1337)
Powley & Gibson, P.C.
304 Hudson Street, Suite 202
New York, New York 10013
Telephone: (212) 226-5054
Facsimile: (212) 226-5085

Attorneys for Plaintiffs
Energy Intelligence Group, Inc. and
Energy Intelligence Group (UK) Limited

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------X
:
ENERGY INTELLIGENCE GROUP, INC. :
and ENERGY INTELLIGENCE GROUP : Civil Action No.: 14-cv-3789 (NRB)
(UK) Limited :
:
                     Plaintiffs, : **COMPLAINT FOR**
: **COPYRIGHT INFRINGEMENT**
:
  -against- :
:
: **JURY TRIAL DEMANDED**
:
COWEN AND COMPANY, LLC :
:
                    Defendant. : Judge Naomi Reice Buchwald
-------------------------------------------------------X

**PLAINTIFFS' ORIGINAL COMPLAINT**

Plaintiffs Energy Intelligence Group, Inc. ("EIG") and Energy Intelligence Group (UK) Limited ("EIG UK") (collectively "Plaintiffs"), by and through their undersigned counsel, allege the following for their original complaint against Cowen and Company, LLC ("Defendant");

## INTRODUCTION

1. Plaintiffs bring this action against Defendant under the Copyright Act of 1976, 17 U.S.C. § § 101 *et seq*. (the "Copyright Act") for, among other things, willful infringement of Plaintiffs' registered copyrights.

## THE PARTIES

2. Plaintiff EIG is a Delaware corporation with a principal place of business located at 5 East 37th Street, New York, NY 10016-2807.

3. Plaintiff EIG UK is a United Kingdom limited company with a principal place of business located at Interpark House, 7 Down Street, London, W1J 7AJ United Kingdom.

4. Upon information and belief, Defendant is a limited liability company organized under the laws of the State of Delaware with a principal place of business located at 599 Lexington Avenue, 20th Floor, New York City, New York 10022.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over causes of action alleging copyright infringement pursuant to Sections 501, *et seq.* of the Copyright Act and 28 U.S.C. §§ 1331 and 1338(a).

6. This Court has personal jurisdiction over Defendant because Defendant is a foreign limited liability company licensed by the New York Department of State to conduct business in New York, and has a principal place of business located at 599 Lexington Avenue, 20th Floor, New York, New York 10022. Furthermore, upon information and belief, the acts of copyright infringement alleged in this Complaint occurred within the State of New York and this District.

7. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and 1400(a).

# FACTS

## A. Plaintiffs' Publications

8. Plaintiffs and their predecessor-in-interest have been engaged in publishing newsletters and other publications for the highly-specialized global energy industry for over six decades. In particular, Plaintiffs have published the daily newsletter *Oil Daily* ("OD") since at least as early as 1951.

9. The audience for Plaintiffs' publications, including OD, consists of individuals with an interest in the oil and gas industries, including bankers, investors, stock market analysts, traders, commodity analysts, researchers and others who follow or work in these industries. A copy of the June 18, 2012 issue of OD (the "June 18, 2012 OD Copyrighted Work") is attached hereto as Exhibit A.

10. Plaintiffs' focus is on providing original, high-quality articles and analysis relating to the energy industry. Plaintiffs have invested significant time and resources to develop their publications and services, including OD.

11. Plaintiffs' publications do not feature or have any advertisements or sponsors and therefore, are highly dependent on paid subscriptions to sustain the viability of the publications.

12. Plaintiffs maintain an experienced and knowledgeable editorial staff of approximately sixty (60) reporters, editors, and analysts at seven (7) editorial bureaus located in New York, Washington, D.C., Houston, London, Moscow, Dubai and Singapore.

13. The original content and analysis created by Plaintiffs and included in OD and their other original publications are valuable assets. Plaintiffs also publish other original publications in addition to OD, including, but not limited to:

    Petroleum Intelligence Weekly;
    Energy Compass;

    Energy Intelligence Briefing;
    EI Finance;
    International Oil Daily;
    Jet Fuel Intelligence;
    LNG Intelligence;
    Natural Gas Week;
    NGW's Gas Market Reconnaissance;
    Nefte Compass;
    Oil Market Intelligence;
    Nuclear Intelligence Weekly;
    World Gas Intelligence;
    EI New Energy;
    Petroleum Intelligence Weekly Data Source;
    Oil Market Intelligence Data Source;
    Natural Gas Weekly Data Source;
    World Gas Intelligence Data Source;
    Nefte Compass Data Source; and
    New Energy Data Source.

14. Plaintiffs have developed an invaluable reputation for their extremely high standards and the reliability of the analytical content of all of their publications, including OD.

15. In order for third parties to benefit from Plaintiffs' analytical and creative content contained in OD and their other publications, Plaintiffs require interested parties to purchase various subscriptions to receive the valuable information contained therein.

16. Interested parties have various subscription options depending on their respective needs. Subscribers typically obtain OD and Plaintiffs' other publications by email and/or from Plaintiffs' website, which permits password-protected access to current and/or archived issues, pursuant to a subscription or license agreement.

17. Interested parties that do not maintain a subscription or license agreement may also purchase individual articles appearing in OD and Plaintiffs' other publications, as well as archived issues, from Plaintiffs. The license fee per article, per copy, for Plaintiffs' publications that are published daily, such as OD, is $9.00. The license fee for this Pay-Per-Article service is

multiplied by the number of copies required to supply each user of the requested article with an individual copy of the article.

18. Interested parties that do not maintain a subscription or license agreement may also purchase individual issues of OD and others of Plaintiffs' publications, as well archived issues, from Plaintiffs. The license fee per issue, per copy, for Plaintiffs' publications that are published daily, such as OD, is $95.00. The license fee for this Pay-Per-Issue service is multiplied by the number of copies required to supply each user of the requested issue with an individual copy of the issue.

**B.     Plaintiffs' Copyrights and Notices**

19. Plaintiffs provide copyright notices and warnings on their website, e-mails, articles and publications, including OD, so that third parties are aware of Plaintiffs' rights in their publications and works of original authorship (the "Copyright Notice and Warnings"). As a representative example, the Copyright Notice and Warnings contained in the email transmitting the June 18, 2012 OD Copyrighted Work state:

> Copyright (c) 2012 Energy Intelligence Group, Inc. All rights reserved.
>
> Reproduction or distribution internally or externally in any manner (photostatically, electronically, or via facsimile), including by sharing printed copies, or forwarding or posting on local- and wide-area networks and intranets, or sharing user name and password, is strictly prohibited without appropriate license from EIG -- contact CustomerService@energyintel.com for more information.

A true and accurate copy of the Copyright Notice and Warnings contained in the email transmitting the June 18, 2012 OD Copyrighted Work is attached hereto as Exhibit B, p. 4.

20. As an additional representative example, the Copyright Notice and Warnings on the front cover of the June 18, 2012 OD Copyrighted Work specifically state: "Copyright © 2012 Energy Intelligence Group. All rights reserved. Unauthorized access or electronic forwarding, even for internal use, is prohibited." Exhibit A, p. 1.

21. As a further representative example, the Copyright Notice and Warnings contained on the bottom of the twenty-second page of the June 18, 2012 OD Copyrighted Work specifically state:

> Copyright © 2012 by Energy Intelligence Group, Inc… All rights reserved. Access, distribution and reproduction are subject to the terms and conditions of the subscription agreement and/or license with EIG. Access, distribution, reproduction or electronic forwarding not specifically defined and authorized in a valid subscription agreement or license with EIG is willful copyright infringement. Additional copies of individual articles may be obtained using the pay-per-article feature offered at www.energyintel.com

Exhibit A, p. 22.

22. Based upon the representative examples of the Copyright Notice and Warnings, Plaintiffs are in compliance with the copyright notice requirements set forth in the Copyright Act, 17 U.S.C. § 401. Accordingly, Defendant knew or should have known that the June 18, 2012 OD Copyrighted Work and all other issues of OD received by Defendant (hereinafter collectively referred to as the "OD Copyrighted Works") are protected by U.S. copyright laws.

23. Having complied with the copyright notice requirements set forth in the Copyright Act, 17 U.S.C. § 401, Plaintiffs are under no obligation to provide Defendant with further notice of Plaintiffs' copyright rights.

24. Among other copyright registrations, Plaintiffs are the owners of the following U.S. Copyright Registrations for the OD Copyrighted Works, and attached hereto as Exhibit C:

• No. TX 6-226-396 for Edition 55 covering 23 works published in August 2005;
• No. TX 6-226-407 for Edition 55 covering 21 works published in September 2005;
• No. TX 6-257-042 for Edition 55 covering 21 works published in October 2005;
• No. TX 6-267-191 for Edition 55 covering 20 works published in November 2005;
• No. TX 6-340-912 for Edition 55 covering 21 works published in December 2005;
• No. TX 6-286-047 for Edition 56 covering 20 works published in January 2006;
• No. TX 6-340-550 for Edition 56 covering 19 works published in February 2006;
• No. TX 6-337-677 for Edition 56 covering 23 works published in March 2006;
• No. TX 6-782-058 for Edition 56 covering 19 works published in April 2006;
• No. TX 6-425-046 for Edition 56 covering 22 works published in May 2006;
• No. TX 6-425-037 for Edition 56 covering 22 works published in June 2006;
• No. TX 6-431-332 for Edition 56 covering 19 works published in July 2006;
• No. TX 6-431-344 for Edition 56 covering 23 works published in August 2006;

- No. TX 6-456-925 for Edition 56 covering 20 works published in September 2006;
- No. TX 6-508-701 for Edition 56 covering 22 works published in October 2006;
- No. TX 6-505-161 for Edition 56 covering 20 works published in November 2006;
- No. TX 6-508-675 for Edition 56 covering 20 works published in December 2006;
- No. TX 6-550-424 for Edition 57 covering 21 works published in January 2007;
- No. TX 6-550-616 for Edition 57 covering 19 works published in February 2007;
- No. TX 6-550-614 for Edition 57 covering 22 works published in March 2007;
- No. TX 6-587-006 for Edition 57 covering 20 works published in April 2007;
- No. TX 6-564-745 for Edition 57 covering 22 works published in May 2007;
- No. TX 6-626-689 for Edition 57 covering 21 works published in June 2007;
- No. TX 6-626-690 for Edition 57 covering 21 works published in July 2007;
- No. TX 6-626-278 for Edition 57 covering 23 works published in August 2007;
- No. TX 6-626-280 for Edition 57 covering 19 works published in September 2007;
- No. TX 6-648-210 for Edition 57 covering 23 works published in October 2007;
- No. TX 6-645-633 for Edition 57 covering 20 works published in November 2007;
- No. TX 6-645-632 for Edition 57 covering 20 works published in December 2007;
- No. TX 6-646-218 for Edition 58 covering 21 works published in January 2008;
- No. TX 6-648-381 for Edition 58 covering 20 works published in February 2008;
- No. TX 6-648-380 for Edition 58 covering 20 works published in March 2008;
- No. TX 6-647-038 for Edition 58 covering 22 works published in April 2008;
- No. TX 6-647-107 for Edition 58 covering 21 works published in May 2008;
- No. TX 6-648-007 for Edition 58 covering 21 works published in June 2008;
- No. TX 6-662-761 for Edition 58 covering 22 works published in July 2008;
- No. TX 6-665-575 for Edition 58 covering 21 works published in August 2008;
- No. TX 6-680-142 for Edition 58 covering 21 works published in September 2008;
- No. TX 6-662-749 for Edition 58 covering 23 works published in October 2008;
- No. TX 6-664-308 for Edition 58 covering 18 works published in November 2008;
- No. TX 6-664-309 for Edition 58 covering 22 works published in December 2008;
- No. TX 6-647-241 for Edition 59 covering 20 works published in January 2009;
- No. TX 6-631-529 for Edition 59 covering 19 works published in February 2009;
- No. TX 6-647-244 for Edition 59 covering 22 works published in March 2009;
- No. TX 6-665-630 for Edition 59 covering 21 works published in April 2009;
- No. TX 6-631-518 for Edition 59 covering 20 works published in May 2009;
- No. TX 6-631-525 for Edition 59 covering 22 works published in June 2009;
- No. TX 6-685-271 for Edition 59 covering 22 works published in July 2009;
- No. TX 6-684-118 for Edition 59 covering 21 works published in August 2009;
- No. TX 6-701-938 for Edition 59 covering 21 works published in September 2009;
- No. TX 6-701-939 for Edition 59 covering 22 works published in October 2009;
- No. TX 6-702-127 for Edition 59 covering 21 works published in November 2009;
- No. TX 6-702-124 for Edition 59 covering 22 works published in December 2009;
- No. TX 6-701-924 for Edition 60 covering 20 works published in January 2010;
- No. TX 6-701-927 for Edition 60 covering 20 works published in February 2010;
- No. TX 6-703-824 for Edition 60 covering 23 works published in March 2010;
- No. TX 6-703-826 for Edition 60 covering 21 works published in April 2010;
- No. TX 6-704-578 for Edition 60 covering 20 works published in May 2010;
- No. TX 6-704-734 for Edition 60 covering 22 works published in June 2010;

- No. TX 6-705-213 for Edition 60 covering 22 works published in July 2010;
- No. TX 6-770-133 for Edition 60 covering 22 works published in August 2010;
- No. TX 6-770-132 for Edition 60 covering 22 works published in September 2010;
- No. TX 6-772-066 for Edition 60 covering 21 works published in October 2010;
- No. TX 6-771-213 for Edition 60 covering 21 works published in November 2010;
- No. TX 6-778-772 for Edition 60 covering 21 works published in December 2010;
- No. TX 6-776-062 for Edition 61 covering 21 works published in January 2011;
- No. TX 6-776-069 for Edition 61 covering 20 works published in February 2011;
- No. TX 6-779-252 for Edition 61 covering 23 works published in March 2011;
- No. TX 6-779-251 for Edition 61 covering 20 works published in April 2011;
- No. TX 6-779-316 for Edition 61 covering 21 works published in May 2011;
- No. TX 6-776-025 for Edition 61 covering 22 works published in June 2011;
- No. TX 6-782-122 for Edition 61 covering 21 works published in July 2011;
- No. TX 6-774-709 for Edition 61 covering 23 works published in August 2011;
- No. TX 6-780-004 for Edition 61 covering 22 works published in September 2011;
- No. TX 6-780-005 for Edition 61 covering 21 works published in October 2011;
- No. TX 6-782-123 for Edition 61 covering 22 works published in November 2011;
- No. TX 6-782-124 for Edition 61 covering 12 works published in December 2011;
- No. TX 6-789-069 for Edition 61 covering 9 works published in December 2011;
- No. TX 6-774-708 for Edition 62 covering 21 works published in January 2012;
- No. TX 6-786-171 for Edition 62 covering 21 works published in February 2012;
- No. TX 6-787-504 for Edition 62 covering 22 works published in March 2012;
- No. TX 6-787-503 for Edition 62 covering 20 works published in April 2012;
- No. TX 6-788-123 for Edition 62 covering 23 works published in May 2012;
- No. TX 6-788-122 for Edition 62 covering 21 works published in June 2012;
- No. TX 6-789-191 for Edition 62 covering 22 works published in July 2012;
- No. TX 6-790-253 for Edition 62 covering 23 works published in August 2012;
- No. TX 6-790-252 for Edition 62 covering 20 works published in September 2012;
- No. TX 6-790-254 for Edition 62 covering 22 works published in October 2012;
- No. TX 6-790-255 for Edition 62 covering 22 works published in November 2012;
- No. TX 7-676-538 for Edition 62 covering 20 works published in December 2012;
- No. TX 7-676-528 for Edition 63 covering 22 works published in January 2013;
- No. TX 7-744-517 for Edition 63 covering 20 works published in February 2013;
- No. TX 7-744-541 for Edition 63 covering 20 works published in March 2013;
- No. TX 7-726-260 for Edition 63 covering 22 works published in April 2013;
- No. TX 7-726-259 for Edition 63 covering 23 works published in May 2013;
- No. TX 7-726-232 for Edition 63 covering 20 works published in June 2013;
- No. TX ----------- for Edition 63 covering 23 works published in July 2013 (application pending);
- No. TX ----------- for Edition 63 covering 22 works published in August 2013 (application pending);
- No. TX ----------- for Edition 63 covering 21 works published in September 2013 (application pending);
- No. TX ----------- for Edition 63 covering 23 works published in October 2013 (application pending);

- No. TX ----------- for Edition 63 covering 21 works published in November 2013 (application pending);
- No. TX ----------- for Edition 63 covering 21 works published in December 2013 (application pending);
- No. TX ----------- for Edition 64 covering 22 works published in January 2014 (application pending);
- No. TX ----------- for Edition 64 covering 20 works published in February 2014 (application pending).
- No. TX ----------- for Edition 64 covering 21 works published in March 2014 (application pending; and
- No. TX ----------- for Edition 64 covering 21 works published in April 2014 (application pending).

**C.    Defendant's Subscription History**

25.    Upon information and belief, Dahlman Rose and Company, LLC, is the predecessor-in-interest to Cowen and Company, LLC.

26.    On or about August 2005, Defendant's predecessor-in-interest, Dahlman Rose and Company, LLC, entered into a subscription agreement to receive a single copy of OD as a PDF attachment to emails sent from Plaintiffs.

27.    During the period from August 2005 through the present, Defendant, or its predecessor-in-interest, has continuously maintained annual subscription agreements which provided Defendant a single copy of OD, and its current subscription to one copy of OD expires on September 14, 2014.

28.    Defendant, or its predecessor-in-interest, has continuously maintained subscriptions to Plaintiffs' other publications, including a subscription to receive one copy of Petroleum Intelligence Weekly, and one copy of Natural Gas Weekly, as a PDF attachment to emails sent from Plaintiffs.

29.    Defendant's subscription to receive one copy of Petroleum Intelligence Weekly expires on September 15, 2014, and its current subscription to receive one copy of Natural Gas Weekly expires on August 4, 2014.

30. Since 2005, Plaintiffs have transmitted to Defendant an invoice and subscription agreement on an annual basis for renewal of Defendant's single copy subscription to OD.

31. The agreement for the single subscription to OD in effect on June 18, 2012, attached hereto as Exhibit D (the "Agreement"), specifically states that "[b]y payment hereof, you hereby acknowledge receipt, review and acceptance of Energy Intelligence's Terms and Conditions shown below." *See* Exhibit D, p. 2.

32. The "Terms and Conditions shown below" state in part that: "[a]ll unauthorized reproductions, or disseminations or other uses of the material contained in the EIG Services shall be deemed willful infringement of EIG's copyright and/or other proprietary and intellectual property rights." *See*, Exhibit D, p. 2.

33. Payment of the invoice in the Agreement by the Defendant covering the subscription period including June 18, 2012 acknowledges Defendant's acceptance of the Agreement's terms and conditions. *See*, Exhibit D, p. 3.

34. Pursuant to the Agreement, Defendant identifies an individual to be the recipient of the single copy of OD. From September 9, 2011 to June 25, 2012, Defendant's designated recipient was Ms. Jessica Wung.

35. No agreement has ever authorized Defendant to copy, transmit, or distribute the OD Copyrighted Works, including the June 18, 2012 OD Copyrighted Work, in violation of Plaintiffs' registered copyrights.

**D.  Defendant's Infringement of Plaintiffs' Copyrighted Works**

36. On June 26, 2012, Ms. Jessica Wung corresponded with Plaintiffs in a series of e-mails requesting and authorizing changes to the authorized user for Defendant's single user subscription to OD. *See*, Exhibit B. Ms. Wung first requested that the authorized user be changed

to Mr. Doug Garber. Ms. Wung then made a further request and authorized a change to the authorized user to Mr. Ivan Suleiman. EIG complied with these requests, changing the authorized user first to Mr. Garber and then to Mr. Suleiman.

37. Attached to Ms. Wung's June 26, 2012 email was an earlier email dated June 15, 2012 from Ms. Wung whereby she forwarded copies of the June 18, 2012 OD Copyrighted Work to James Crandell and an email group identified as "DRCO." The June 15, 2012 email from Ms. Wung indicates that OD was "auto forwarded by a Rule" to Mr. Crandell and other employees of Defendant's predecessor-in-interest in the "DRCO" group. *See*, Exhibit B, p. 4.

38. In addition, attached to Ms. Wung's June 26, 2012 email to EIG was another email also dated June 15, 2012, indicating that Ms. Wung's email of June 15, 2012 (and the attached June 18, 2012 OD Copyrighted Work) was almost immediately forwarded yet again to another group email address "_All DRCO." *See* Exhibit B, p. 4.

39. Upon information and belief, during the time period of September 9, 2011 to at least June 26, 2012, Ms. Jessica Wung was employed as an analyst of the Defendant's predecessor-in-interest.

40. Upon information and belief, Defendant acquired 100 percent (%) of its predecessor-in-interest, Dahlman Rose and Company, LLC, on or about March 11, 2013.

41. Upon information and belief, Defendant's email system is highly secure and only those individuals or entities that Defendant designates may access the system.

42. Upon information and belief, Defendant's email system cannot be accessed by the general public or by Plaintiffs.

43. Upon information and belief, Ms. Wung's e-mail of June 15, 2012 is evidence that Defendant made and distributed copies of the OD Copyrighted Works and the articles therein without authorization.

44. At no time did Plaintiffs grant Defendant permission to make copies, transmit electronic copies, distribute, or forward the June 18, 2012 OD Copyrighted Work or any other issues of the OD Copyrighted Works or the articles contained therein.

45. Upon information and belief, Defendant actively, fraudulently, and willfully concealed its regular and systematic copying and distribution of copies of the OD Copyrighted Works and the articles contained therein.

46. Upon information and belief, Defendant's actions of copying and distributing copies of the OD Copyrighted Works constitute willful infringement of Plaintiffs' valid and subsisting copyrights in the OD Copyrighted Works and the articles therein.

## CAUSE OF ACTION

### COUNT ONE
### (COPYRIGHT INFRINGEMENT)

47. Plaintiffs repeat and allege the allegations of Paragraphs 1 through 46 as though fully set forth herein.

48. Plaintiffs were and are the exclusive holders of all rights, title and interest in the OD Copyrighted Works and the articles, as separate and distinct works, contained therein and are the owners of valid copyright registrations for the OD Copyrighted Works. *See* Exhibit C.

49. Each entire publication and the articles contained in the OD Copyrighted Works are highly original and contain creative expression and independent analysis. *See, e.g.*, Exhibit A.

50. The OD Copyrighted Works and the articles contained therein were at all times made available to and were received by Defendant pursuant to single copy subscription agreements.

51. Upon information and belief, Defendant has for years willfully copied and distributed copies of the OD Copyrighted Works and the articles contained therein on a consistent and systematic basis, and concealed these activities from Plaintiffs.

52. Based upon the inclusion of the Copyright Notice and Warnings contained in each of Plaintiffs' publications, the language in the subscription agreements and the various warnings contained in each of Plaintiffs' publications, including the OD Copyrighted Works and the daily transmittal cover emails, Defendant knew and/or was on notice that the OD Copyrighted Works are protected by copyright laws, and is therefore unable to assert a defense of innocent infringement. *See* 17 U.S.C. § 401(d).

53. Defendant's single subscription agreements to the OD Copyrighted Works prohibit any copying and distributing of any OD work, including the June 18, 2012 OD Copyrighted Work, and any articles contained therein.

54. Upon information and belief, Defendant willfully infringed the copyrights in the OD Copyrighted Works and the articles contained therein, by acting with knowledge that its actions were infringing, or at least with reckless disregard of the possibility that the conduct complained about constitutes infringement.

55. Defendant's aforesaid acts violate Plaintiffs' exclusive rights under §106 of the Copyright Act of 1976, 17 U.S.C. §106, as amended, and constitute willful infringement of Plaintiffs' copyrights in the OD Copyrighted Works and the articles contained therein. Defendant's past and continuing copying, transmitting and distributing of Plaintiffs' OD Copyrighted Works and the articles contained therein, constitutes a willful, deliberate and ongoing infringement of Plaintiffs' copyrights and are causing irreparable harm and damage to Plaintiffs.

56. Plaintiffs have no adequate remedy at law.

## JURY DEMAND

Plaintiffs hereby demand a jury trial.

## PRAYER

WHEREFORE, Plaintiffs demand judgment against Defendant on the foregoing claims as follows:

(1) That Defendant, its directors, officers, agents, subsidiaries and affiliates and all persons acting by, through, or in concert with any of them, be permanently enjoined from infringing any copyrights of Plaintiffs in any manner, and from copying, exhibiting, transmitting, displaying, distributing or preparing derivative works from any of the copyrighted material in any past, present or future issues of OD, including the OD Copyrighted Works and the articles contained therein;

(2) That Defendant be required to pay to Plaintiffs such actual damages as they have sustained as a result of Defendant's copyright infringement and/or statutory damages pursuant to 17 U.S.C. §504;

(3) That Defendant be required to account for and disgorge to Plaintiffs all gains, profits, and advantages derived from its copyright infringement pursuant to 17 U.S.C. §504;

(4) That Defendant be required to pay Plaintiffs an award of statutory damages, which should be increased due to Defendant's willful infringement pursuant to 17 U.S.C. § 504(c)(2);

(5) That the Court issue an Order requiring Defendant to hold harmless and indemnify Plaintiffs from any claim(s) raised by any third party who allegedly relied upon any

of Plaintiffs' publications it received as a result of Defendant's unauthorized use of Plaintiffs' copyrighted materials;

(6) That the Court enter judgment against Defendant in favor of Plaintiffs for all claims, including pre- and post-judgment interest, as allowed by law;

(7) That the Court enter judgment against Defendant finding that its unlawful copying, transmitting, and distribution of the OD Copyrighted Works and the articles contained therein is willful;

(8) That Defendant be ordered to pay to Plaintiffs their costs in this action along with reasonable attorneys' fees; and

(9) That Plaintiffs be granted such further relief as the Court deems just and proper.

Respectfully submitted,

Dated: May 28, 2014

By: _____
Robert L. Powley (RP7674)
James M. Gibson (JG9234)
Stephen M. Ankrom (SA5375)
Darren W. Shield (DS1337)

POWLEY & GIBSON, P.C.
304 Hudson Street, Suite 202
New York, New York 10013
Telephone: (212) 226-5054
Facsimile: (212) 226-5085
rlpowley@powleygibson.com
jmgibson@powleygibson.com
smankrom@powleygibson.com
dwshield@powleygibson.com
*Counsel for Plaintiffs*